# A. George Ueberroth, Administrator of J. J. Ueberroth, Deceased, *v.* Eugene P. Unangst, Appellant.

*Insurance—Life insurance—Assignment of policy—Practice—Pleading —Parties.*

In an action of assumpsit by an administrator the statement of claim set out that plaintiff's intestate had pledged two policies of insurance upon his life as collateral security for the payment of his promissory note; that the defendant bought the note from the payee, who thereupon reassigned the policies of insurance to the debtor, and the latter, at the request of defendant, assigned them to his daughter, defendant's wife, to hold as security for the payment of the debt; that on the death of plaintiff's decedent the insurance company paid the amount of the policies to the assignee, defendant's wife, who thereupon indorsed the check to defendant who received the money and refused to pay it over to plaintiff, though demand for it, less the amount due on said debt, had been frequently made. The affidavit of defense admitted the material averments of the statement, but alleged that the surplus of the policies after the payment of the debt and premiums had been given by the decedent to defendant's wife, and that the surplus was held by defendant subject to his wife's direction, and

partly invested in her name. There were no other pleadings, and the case went to trial without the defendant's wife having been made a party. A judgment was entered against the defendant. *Held*, that the judgment could not be sustained, as it exposed the defendant to the danger of having to pay the same debt twice.

Argued March 9, 1897. Appeal, No. 12, Jan. T. 1897, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1894, No. 64, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit to recover a balance of proceeds of two policies of life insurance. Before SCHUYLER, P. J.

The facts appear by the opinion of the Supreme Court and the charge of the court below, which was as follows:

This is an action by A. George Ueberroth, administrator of Jacob J. Ueberroth deceased, against Eugene P. Unangst to recover the sum of $10,104, with interest, less certain credits which the plaintiff admits the defendant is entitled to. The controversy between these parties arises in this way: Jacob J. Ueberroth, the plaintiff's intestate, was the owner of two policies of insurance on his own life, aggregating $10,000. On February 15, 1883, he borrowed from John H. Graham $1,445, for which loan he gave his note and assigned these policies, as collateral security, for the payment of the note. This note was renewed from time to time down to February 20, 1889, when it was paid by Mr. Unangst, the defendant. As soon as the note was thus paid Mr. Graham assigned the policies to Mr. Ueberroth. On same day Mr. Ueberroth assigned the policies to the wife of the defendant. On September 15, 1893, Mr. Ueberroth died. On November 12, 1893, the insurance company paid by check (which was dated October 9) to Mrs. Unangst the $10,104 before mentioned, being the amount due on the policies. On the same day Mrs. Unangst handed the check to the defendant, who deposited it in bank to his own credit.

Thus far the facts are undisputed. The present controversy is over the assignments of the policies by Mr. Ueberroth to the defendant's wife, who was also Mr. Ueberroth's only daughter, the plaintiff alleging that the assignment was made as collateral security to reimburse the defendant for the moneys advanced by

him to take up the Graham note and to pay certain premiums, and the defendant alleging that it was an absolute assignment, or that the two assignments—because there were two policies and they were both assigned—that the two assignments were absolute assignments. In form the assignments are absolute, and, having been made by a father to his daughter, the law presumes that they were made as a gift or advancement. If, therefore, there was no other evidence in the case than these assignments it would be your duty to return a verdict in favor of the defendant. Even as it is, the defendant starts out with the presumption in his favor, and the burden is on the plaintiff to satisfy you by the weight of the evidence that it was the intention of the parties at the time the assignments were made that, notwithstanding the assignments are absolute on their face, and notwithstanding they were made by a father to his daughter, they were in fact made to operate merely as collateral security to reimburse the defendant for moneys advanced by him. Has the plaintiff so satisfied you? That is the serious and only question for your determination, and it is to be determined by a careful consideration of all the evidence in the case so far, and only so far, as it tends to illustrate the question. . . . I submit all the evidence in the case to you to enable you to determine from that evidence, and from that evidence alone, whether or not the assignments of these policies were intended as a gift to Mrs. Unangst, or whether they were intended to be simply collateral security for the payment of Mr. Unangst for the advancements that had been made by him; that is wholly a question of fact and the evidence is wholly for you, and from that evidence you must determine how the fact is.

The plaintiff will send out with you a statement showing the amount of credits to which the defendant is entitled; provided you find that the assignments were made simply as collateral security. There is no doubt about those credits. Both parties agree to the amount that is to be credited in the event you find a verdict in favor of the plaintiff. . . . If you find, after a careful and deliberate consideration of all the evidence in the case that the verdict should be for the plaintiff, then you will examine this statement; on the other hand, if you come to the conclusion that the verdict should be in favor of the defendant, then you will have nothing whatever to do with the statement.

Verdict and judgment for plaintiff for $8,421.03.    Defendant appealed.

*Error assigned* among others was charge of the court, quoting it.

*O. H. Myers* and *W. E. Doster*, for appellant.—An assignment of a policy of insurance, absolute on its face, with acceptance by the insurance company, and notice to the assignee, constitutes an absolute gift of the policy, to the assignee: Wodock v. Robinson, 148 Pa. 503; Jessop v. Ivory, 158 Pa. 71; Chapin v. Cambria Iron Co., 145 Pa. 478; Wyckoff v. Ferree, 168 Pa. 261; Rosenburg v. Rosenburg, 40 Hun, 91; 1 Biddle on Ins., 268; Murray v. R. R., 103 Pa. 37; Sylvius v. Kosek, 117 Pa. 67; Phillips v. Meily, 106 Pa. 536; Yeager v. Yeager, 20 W. N. C. 384; Jackson v. Payne, 114 Pa. 67; McClure v. Ry., 90 Pa. 269.

*Harry C. Cope*, for appellee, cited Hahn v. Doolittle, 18 Wis. 206; Humes v. Gephart, 175 Pa. 417; West Chester & Phila. R. R. v. Broomall, 18 W. N. C. 44; Kutz's App., 100 Pa. 75.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1897:

This case displays a disregard of all known rules of procedure, remarkable even in this day of loose and unscientific practice. The record shows no pleadings at all, properly so-called, and the case came on for trial on the plaintiff's affidavit of claim and defendant's affidavit of defense.    The former set out that plaintiff's intestate was indebted to one Graham upon a promissory note, as collateral for which were pledged two policies of insurance upon the debtor's life; that the defendant bought the note from said Graham who thereupon reassigned the policies of insurance to the debtor, and the latter, at the request of defendant, assigned them to his daughter, defendant's wife, to hold as security for the payment of the debt; that on the death of plaintiff's decedent the insurance company paid the amount of the policies to the assignee, defendant's wife, who thereupon indorsed the check and gave it to defendant, who received the money and has refused to pay it over to plaintiff, though demand for it, less the amount due on said debt, has frequently been

made. The affidavit of defense admitted the purchase of the note by defendant from Graham; the assignment of the policies to defendant's wife as security for the debt, including however in the debt the premiums subsequently paid to keep the policies alive; the payment of the money by the insurance company to defendant's wife, and the delivery of the check to defendant. So far there was no material conflicts between the two affidavits, but the defendant then further averred that the assignment of the policies by plaintiff's decedent to defendant's wife was in writing and absolute, and that the surplus of the proceeds, after repaying defendant his advances of money with interest, were in consideration of natural love and affection given by the decedent to his daughter, defendant's wife, for her own use and benefit; and that the said surplus received from the insurance company was the property of defendant's wife, and held by him subject to her direction, and partly invested in her name. Of course these affidavits, whose substance I have presented, stripped of irrelevant and immaterial matters, raised no definite issue, though they are perhaps sufficiently equivalent to a general issue on a plea of nonassumpsit to enable us to get over this objection if it was the only one.

But unfortunately when the case came to trial in this slipshod form, it was thrown into the jury box as if it were a formal issue between the defendant's wife and the administrator of her father's estate, upon the right of the former to retain the proceeds of the policies of insurance (after repayment of the moneys advanced by her husband), as a gift from her father. This is the real controversy in the case, but there are neither pleadings nor parties upon which such an issue can be determined. It is admitted by both sides that the proceeds of the policies were first to be applied to the reimbursement of defendant's advances, and neither in the so-called pleadings nor in the evidence does it appear that he claims any further title or has any further interest in such proceeds, while his wife who does claim them, and whose title is disputed, has not been made a party to be heard in her own behalf.

This is not a mere formal defect which was waived by going to trial, or which can be cured by amendment now. The money was in the wife's hands under a written assignment by her father, and whatever her title may prove to be as against her father's

heirs, as between her and the defendant it is her money, and he is her debtor for the amount of it. Should he happen to die first, or should the question of her rights as a creditor arise in his lifetime, her claim could be incontestably established by his affidavit of defense and his testimony, as well as by the other evidence in this case, and his payment of this judgment would be no defense against her for she is not a party and not bound by it. He and his estate are therefore in legal as well as substantial danger of having to pay the same debt twice. But as the undisputed facts, upon the evidence of plaintiff as well as defendant, show that there was no cause of action at all against the defendant the judgment cannot be allowed to stand.

Judgment reversed.